IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACCESS FOR THE DISABLED, INC., a Florida Not-For-Profit Corporation, and DENISE PAYNE, Individually, | : Case No.: 1:08-cv-07301 |
| Plaintiffs, | : |
| v. | : |
| SAJNI HOSPITALITY, INC., An Illinois Corporation, | : |
| Defendant. | : |

# CONSENT DECREE

This Consent Decree is entered into by and between ACCESS FOR THE DISABLED, INC., a Florida Not-For-Profit Corporation, and DENISE PAYNE, Individually, hereinafter sometimes referred to as "Plaintiffs," and SAJNI HOSPITALITY, INC., An Illinois Corporation, hereinafter sometimes referred to as "Defendant," on the date last executed below.

WHEREAS: The Defendant's property is known as the Hampton Inn, 13330 S. Cicero Ave., Crestwood, IL 60445 (hereinafter the "subject property"). Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendant does not admit all of the allegations of the Plaintiffs' Complaint, but recognizes that the Plaintiffs might prevail and receive some of the relief on the merit of their claim. Moreover, after extensive review, the parties have determined that the remedial measures agreed to herein constitute all readily achievable measures to bring Defendant into compliance with the Americans With Disabilities Act. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiffs will take place on or after March 1, 2012 to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be

provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief and shall be entitled to liquidated damages in the amount of $100.00 per day from the date Plaintiffs deliver to Defendant's counsel a report detailing the failure of Defendant to fully comply with the terms and conditions of this Agreement and until the date said violations are cured. Defendant shall be further obligated to pay the sum of $600.00 to reimburse Plaintiffs for each additional reinspection required to be performed until the violations are remedied and shall be required to pay Plaintiffs' counsel for reasonable attorney fees, costs and expenses incurred as a result of Defendant's failure to comply with the terms and conditions of this agreement.

2. Defendant shall pay Plaintiffs' counsel, Thomas B. Bacon Plaintiffs' attorneys' fees, litigation expenses and costs incurred in this matter, and for Plaintiffs' expert fees and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by separate letter agreement, which is incorporated as part of this Consent Decree.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act. This provision is limited to the subject property.

8. All references to the ADAAG refer to the following:
   28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any parties signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. Defendant shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by March 1, 2012.

13. The Defendant agrees to implement by no later than March 1, 2012, the ADA remedial measures set forth below:

   **A. Defendant shall ensure that courtesy van services are available for wheelchair bound disabled persons equal to those services provided for other patrons.**

   **B. Defendant shall ensure that it has the number of designated accessible parking spaces required by ADAAG section 4.1.2(5).**

   **C. All designated parking spaces, accessible routes to the facility and passenger loading zones shall comply with ADAAG section 4.6. Signage shall comply with ADAAG section 4.30.**

   **D. Defendant shall have at least one accessible route which connects all elements of the property in compliance with ADAAG section 4.1.3 and 4.3.**

   **E. With respect to all accessible routes which cross changes in level, Defendant shall comply with all curb ramp requirements set forth in ADAAG section 4.7, and all ramp requirements set forth in ADAAG section 4.8 and all ground and floor surface requirements set forth in ADAAG section 4.5.**

   **F. Defendant shall ensure that all doorways on accessible routes and in public restrooms and designated accessible guest rooms comply with ADAAG sections 4.13 and 4.14.**

3

G. With respect to its common area restrooms and restrooms in designated accessible guest rooms, Defendant shall comply with ADAAG sections 4.2, 4.16, 4.17, 4.18, 4.19, 4.20, 4.22, 4.23, 4.24, 4.26, and 4.27.

H. With respect to all amenities in the common areas, Defendant shall place such amenities within the reach ranges required by ADAAG section 4.2.

I. In accordance with ADAAG section 9.1.2, Defendant shall have 5 designated accessible guest rooms, 2 of which shall have roll-in showers.

H. The designated accessible guest rooms shall have compliant restrooms, as set forth above. The guest rooms shall have compliant maneuvering spaces, as set forth in ADAAG section 4.2. All amenities shall be within compliant reach range and maneuveirng spaces shall comply with ADAAG section 4.2. All controls and operating mechanisms shall comply with ADAAG section 4.27.

**SIGNATURES:**

**Parties:**

**PLAINTIFFS:**

By: _____      Date: 2/26/09
ROBERT COHEN, on behalf of
ACCESS FOR THE DISABLED, Inc.

By: _____      Date: 2-26-09
DENISE PAYNE

**DEFENDANT:**

By: _____      Date: 3/12/09
SAJNI HOSPITALITY, INC.

5